IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KENZIE NELSON, | § | |
|     Petitioner, | § | |
| | § | 3:13-CV-3448-K |
| v. | § | 3:11-CR-0068-K |
| | § | |
| UNITED STATES OF AMERICA, | § | |
|     Respondent. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Petitioner's motion to vacate, set-aside, or correct sentence pursuant 28 U.S.C. § 2255.

**I.**  **Procedural Background**

Pursuant to a plea agreement, Petitioner pled guilty to one count of travel with intent to engage in illicit sexual contact, in violation of 18 U.S.C. § 2423(b). On February 1, 2012, the Court sentenced him to 120 months in prison. On October 16, 2012, the Fifth Circuit Court of Appeals dismissed his appeal as frivolous. *United States v. Nelson*, 489 Fed. Appx. 798 (5th Cir. 2012).

On August 27, 2013, Petitioner filed the instant § 2255 petition. He argues:

1. He received ineffective assistance of counsel when counsel failed to present any witnesses and failed to provide notice of an upward departure;

2. He did not receive notice of an upward departure and the enhancements did not apply to him;

1

3. His sentence was unfairly disparate relative to other sex offenders;

4. His counsel told him he would receive a sentence of three to five years if he pled guilty;

5. Testimony at the sentencing hearing violated Federal Rule of Evidence 404(b);

6. The victim lied about her age and about other sex acts;

7. His confession was illegally obtained;

8. The court lacked jurisdiction; and

9. The government hid or destroyed a text message that suggested the victim lied to him about her age.

## II.   Factual Background

The following factual background is taken from Petitioner's Factual Resume and PSR.

In December 2010, Petitioner picked up a 13-year-old girl in a Texas shopping mall. He spent the next few days buying her clothes, food, and shoes, sexually assaulting her, and pimping her out to others. (PSR ¶ 10-17.) On December 19, 2010, Petitioner took her to Oklahoma to sexually assault her again and the next day he drove her back to Texas and abandoned her in a grocery store. (PSR ¶ 25.) He was later arrested and admitted he was guilty of promoting and aiding and abetting prostitution. (PSR ¶ 21.)

The government obtained a two-count indictment that charged Petitioner with

sex trafficking of a minor in violation of 18 U.S.C. § 1591(a)(1). In exchange for dismissal of the indictment, Petitioner agreed to plead guilty to a superseding information charging one count of travel with intent to engage in illicit sexual contact in violation of 18 U.S.C. § 2423(b).

The PSR calculated Petitioner's base offense level at 24 under USSG § 2G1.3(a)(4). (PSR ¶ 32.) He received an acceptance of responsibility reduction, but he also received four enhancements for exercising supervisory control of the minor victim, unduly influencing a minor to engage in sexual conduct, using a computer related to the commission of the crime, and committing a sexual act during the offense. (PSR ¶¶ 33-36, 42-43.) With an adjusted offense level of 29 and no criminal history points, Petitioner's resulting guideline range was 87-108 months. (PSR ¶ 88.)

At sentencing, the Court adopted the PSR and imposed and upward variance. This resulted in a sentence of 120 months in prison. (Sent. Tr. at 41-42.)

**III.   Discussion**

**1.   Ineffective Assistance of Counsel**

To sustain a claim of ineffective assistance of counsel, Petitioner must show that: (1) counsel's performance was deficient; and (2) the deficient performance prejudiced the defense so gravely as to deprive Petitioner of a fair trial. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In *Strickland*, the Court stated that "[j]udicial scrutiny of counsel's performance must be highly deferential" and "every effort [must] be made to

3

eliminate the distorting effects of hindsight." *Strickland*, 466 U.S. at 689. Courts, therefore, must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id*.

Even if counsel is proven deficient, a petitioner must prove prejudice. To prove such prejudice, Petitioner must show "a reasonable probability that the result of the proceedings would have been different but for counsel's unprofessional errors." *Crane v. Johnson*, 178 F.3d 309, 312 (5th Cir. 1999) (citing *Strickland*, 466 U.S. at 694). "[T]he mere possibility of a different outcome is not sufficient to prevail on the prejudice prong." *Id*. "Rather, the defendant must demonstrate that the prejudice rendered sentencing 'fundamentally unfair or unreliable.'" *Id*. (quoting *Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993)).

When a petitioner argues his guilty plea was not voluntary due to the ineffective assistance of counsel, he must show that his counsel's advice to plead guilty fell below the range of competence demanded of an attorney in a criminal case. *Hill v. Lockhart*, 474 U.S. 52, 56 (1985); *Armstead v. Scott*, 37 F.3d 202, 206 (5th Cir. 1994). Further, he must show prejudice by establishing "but for his counsel's alleged erroneous advice, he would not have pleaded guilty but would have insisted upon going to trial." *Armstead*, 37 F.3d at 206.

2. **Guilty Plea**

In this case, Petitioner argues his guilty plea was involuntary due to the ineffective

4

assistance of counsel.

A defendant's guilty plea must be made voluntarily, and the defendant must "make related waivers knowing[ly], intelligent[ly], [and] with sufficient awareness of the relevant circumstances and likely consequences." *United States v. Ruiz*, 536 U.S. 622, 628 (2002) (quoting *Brady v. United States*, 397 U.S. 742, 748 (1970)). A determination of whether a defendant understands the consequences of his guilty plea does not require a trial court to determine that the defendant has a perfect understanding of the consequences, however. The court must only ascertain whether the defendant has a realistic or reasonable understanding of his plea. *See United States v. Gracia*, 983 F.2d 625, 627-28 (5th Cir. 1993).

Courts considering challenges to guilty plea proceedings "have focused on three core concerns: absence of coercion, the defendant's understanding of the charges, and a realistic understanding of the consequences of the guilty plea." *Gracia*, 983 F.2d at 627-28. A realistic understanding of the consequences of a guilty plea means that the defendant knows the "immediate and automatic consequences of that plea such as the maximum sentence length or fine." *Duke v. Cockrell*, 292 F.3d 414, 416 (5th Cir. 2002). Further, "[w]hen the record of the Rule 11 hearing clearly indicates that a defendant has read and understands his plea agreement, and that he has raised no question regarding a waiver-of-appeal provision, the defendant will be held to the bargain to which he agreed." *United States v. McKinney*, 406 F.3d 744, 746 (5th Cir. 2005) (*quoting United*

5

States v. Portillo, 18 F.3d 290, 293 (5th Cir. 1994)).

### A. Sentence

Petitioner claims his counsel told him to sign the factual resume because "[i]n return he said I would be possibly looking 3 - 5 years." (Pet. at 9.) The record shows, however, that Petitioner stated he understood that no one, including his attorney, could predict what sentence he would receive because only the judge would make that decision. (Plea Tr. at 6.) He also agreed that except for the terms in the plea agreement, no one had made any promises or assurances to him to get him to plead guilty. (*Id*. at 13-14.) Petitioner also stated he read and the discussed the factual resume and plea agreement with his counsel, and that he understood both documents. (*Id*. at 11, 15-16.) He agreed that the facts in the factual resume were true. (*Id*. at 16.) Petitioner stated he discussed the sentencing guidelines with his attorney, and that he understood the judge would consider the guidelines, but was not required to follow them. (*Id*. at 6.) He stated that he understood the appellate waiver. (*Id*. at 12-13.) Finally, he stated he understood each essential element of the charges, and he admitted he committed each essential element. (*Id*. at 10.) Petitioner has failed to show his guilty plea was involuntary or that his counsel promised him a sentence of three to five years. Petitioner's claim is denied.

### B. Witnesses

Petitioner claims his counsel was ineffective for failing to call witnesses at the

sentencing hearing. The record shows that counsel subpoenaed four witnesses who were present at sentencing. (Sent. Tr. at 4.) Instead of calling these witnesses to testify, defense counsel made a proffer of their testimony, which was accepted by the Court. (*Id.* at 4-11.) Petitioner has failed to show deficient performance or prejudice by his counsel's actions. This claim is denied.

      C.      **Notice**

Petitioner claims his counsel was ineffective for failing to provide him notice of an upward departure. (Mem. at 2.) The Court, however, imposed a variance from the Guidelines, rather than a departure. (Sent. Tr. at 42.) After *United States v. Booker*, 543 U.S. 220 (2005), courts may impose a variance, or non-Guideline sentence, without providing notice. *Irizarry v. United States*, 553 U.S. 708, 714 (2008); *United States v. Mejia-Huerta*, 480 F.3d 713, 722-23 (5th Cir. 2007). Petitioner's claim is without merit and is denied.

**3.**      **Claims of Court Error**

Petitioner claims the Court: (1) erred in imposing an upward departure without providing prior notice; (2) improperly applied enhancements to his sentence; (3) unfairly applied a disparate sentence; and (4) improperly allowed testimony at the sentencing hearing that violated Federal Rule of Evidence 404(b).

Pursuant to the plea agreement, however, Petitioner waived the right to collaterally attack his sentence except for claims that his plea or waiver were involuntary

or claims of ineffective assistance of counsel.  It is well settled that an informed and voluntary waiver of post-conviction relief under § 2255 "is effective to bar such relief." *United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994).  As discussed above, Petitioner's plea and waiver were entered knowingly and voluntarily.  Petitioner's claims are therefore waived.

Additionally, Petitioner filed a *pro se* brief on direct appeal, but he did not raise his disparate sentence claim.  This claim is therefore procedurally defaulted.  *Bousley v. United States*, 523 U.S. 614, 622 (1998).

Petitioner's claims are also without merit.  As discussed above, the Court was not required to provide advanced notice of its variance from the Sentencing Guidelines.  Further, although Petitioner argues three enhancements did not apply to his case, the PSR listed the facts necessary to support the challenged enhancements.  First, under USSG § 2G1.3(b)(3)(B), Petitioner received a two level enhancement for using a computer to entice, encourage, offer or solicit a person to engage in sexual conduct with a minor.  In this case, Petitioner used the internet to advertise sexual services by the victim.  (PSR ¶ 35.)  Under USSG § 2G1.3(b)(1)(B), Petitioner received a two-level enhancement because the minor victim was in the care or supervisory control of Petitioner.  (PSR ¶ 33.)  The record shows that from December 16, 2010 to December 20, 2010 the victim, age 13, lived with Petitioner and he provided her room, board and clothing.  She also surrendered all the money she made to him.  This enhancement was

therefore properly applied to Petitioner.  Finally, under USSG § 2G1.3(b)(2)(B), Petitioner received a two-level enhancement for unduly influencing a minor to engage in prohibited sexual conduct.  (PSR ¶ 34.)  The comment section to this Guideline states that if the defendant is at least ten years older than the minor victim, there is a rebuttable presumption of some degree of undue influence.  In this case, Petitioner was eighteen years older than the victim, but he failed to rebut the presumption of undue influence.  The enhancement was therefore properly applied.  Petitioner's claims are denied.

Petitioner also claims his sentence was unlawfully disparate.  He cites the following three sex offender cases to support his claim: (1) *United States v. Stanley Wilson*, 0:10-60102-DR-ZLOCH-3 (S.D. Fl. 2010); (2) *United States v. Megan Lee Norman*, No. 5:11-CR-0040-02-C (N.D. Tex. 2012); and (3) *United States v. Robert Cox*, No. 0:09CR60243-COHN-1 (S.D. Fl. 2010).  He states the defendants in each of these cases received shorter prison sentences and less time on supervised release.  Petitioner, however, has failed to provide any evidence that these defendants were similarly situated.  Also, none of these defendants were convicted of the same crime to which Petitioner pled guilty.  Further, on direct appeal, the Fifth Circuit affirmed Petitioner's sentence.  *Nelson*, 489 Fed. Appx. at *1.  Petitioner's claim is without merit and is denied.

4.      **Jurisdiction**

Petitioner claims the Court lacked jurisdiction to convict him because the sex act that occurred in Oklahoma was outside of Texas. Petitioner was convicted under 18 U.S.C. § 2423(b), which prohibits interstate travel to engage in illicit sexual contact. Under 18 U.S.C. § 3237, where an offense is committed in more than one district, it may be prosecuted in any district in which the offense was begun, continued or completed. In this case, the offense was begun in Texas and continued in Oklahoma. Petitioner's claim is without merit and is denied.

5.      **Waived Claims**

In Petitioner's remaining claims, he argues: (1) his confession was coerced; (2) the government hid or destroyed evidence that the victim lied about her age; (3) he never had sex with the victim in Oklahoma; and (4) the victim lied about her age and sexual activities with other people, and made conflicting and incredible statements.

Each of Petitioner claims arose prior to his guilty plea. Once petitioner entered his guilty plea, he waived all non-jurisdictional claims. *United States v. Cothran*, 302 F.3d 279, 285-86 (5th Cir. 2002) (stating guilty plea admits all elements of a formal charge and waives all non-jurisdictional claims, including claims of government misconduct during the investigation). As discussed above, Petitioner entered a valid guilty plea. His claims are therefore **DENIED.**

**IV. Conclusion**

For the foregoing reasons, Petitioner's § 2255 claims are **DENIED** with prejudice.

IT IS SO ORDERED.

Signed May 16th, 2014.

_Ed Kinkeade_
ED KINKEADE
UNITED STATES DISTRICT JUDGE

11